UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:19-cv-10639-IT |
| | * | |
| SECRETARY, MASSACHUSETTS EXECUTIVE OFFICE OF ENERGY AND ENVIRONMENTAL AFFAIRS, *et al.*, | * * * | |
| | * | |
| Defendants, | * | |
| | * | |
| and | * | |
| | * | |
| MASSACHUSETTS LOBSTERMEN'S SURVIVAL FUND, | * * | |
| | * | |
| Intervenor-Defendant. | * | |

MEMORANDUM & ORDER

March 9, 2022

TALWANI, D.J.

Pending before the court in this closed case are various petitions filed by Plaintiff Richard Max Strahan, now proceeding *pro se*.

**I. Petition to Recuse**

Strahan's Petition to Recuse [Doc. No. 634] asks that I recuse myself. Under 28 U.S.C. § 455(a), a judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." This requirement ensures that the "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998). Where there is a close call with regard to recusal, "the balance tips in favor of recusal." Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995). However, courts must not grant recusal simply to avoid any allegation of prejudice, since doing so "would provide litigants with a veto against unwanted

judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Instead, courts must weigh the objective facts asserted, "not rumors, innuendos, and erroneous information," and consider whether the actual facts "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." In re United States, 666 F.2d 690, 695 (1st Cir. 1981). A judge "has a duty not to recuse himself or herself if there is no objective basis for recusal." In re United States, 441 F.3d 44, 67 (1st Cir. 2006).

Here, Strahan asserts that I should recuse myself from this case because he is dissatisfied with my rulings. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). This is true even if my earlier rulings were erroneous. See In re United States, 441 F.3d 44, 67 (1st Cir. 2006) ("That principle applies even to misjudgments: a judge's erroneous rulings will not ordinarily be enough to warrant a writ of mandamus to the judge to recuse himself or herself"); see also Liteky, 510 U.S. at 555 ("[Judicial rulings] are proper grounds for appeal, not for recusal"). The proper course for Strahan to raise these arguments and to correct any erroneous judgments I may have issued is to appeal those judgments, not to seek my recusal. Accordingly, the Petition to Recuse [Doc. No. 634] is DENIED.

## II. Petition to Vacate Adam Keats's Motion for Leave to Withdraw

In his Petition to Vacate [Doc. No. 635], Strahan objects to Attorney Adam Keats's Motion [Doc. No. 622] asking for leave to withdraw as Strahan's attorney. Strahan asserts that the court should "vacate" Attorney Keats's motion because Strahan fired Attorney Keats and that Attorney Keats therefore could not file anything and the court was without jurisdiction to act on the motion. Attorney Keats's motion reported that Strahan discharged him as counsel and that Attorney Keats sought the court's leave to withdraw because a motion was pending. Mot. 1

[Doc. No. 622]. Under Local Rule 83.5.2(c)(1), an attorney is required to obtain leave of court to withdraw his appearance if a motion is pending in the case. Accordingly, Attorney Keats's motion, which the court granted, see Elec. Order [Doc. No. 629], was properly filed. Strahan's Petition to Vacate [Doc. No. 635] is DENIED.

## III. Petition for Leave to File Amended Rule 59 Motion

Strahan's Petition for Leave to File [Doc. No. 636] seeks leave until March 15, 2022, to file an amended Rule 59 Motion. A Rule 59 motion, however, "must be filed no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(b), and the court "must not extend the time to act under Rule . . . . 59(b)," Fed. R. Civ. P. 6(b)(2). Accordingly, Strahan's Petition for Leave to File [Doc. No. 636] is DENIED.

## IV. Petition to Restore his Ability to Make ECF Filings in the Instant Action

Strahan's Petition [Doc. No. 633] asks the court to restore his ability to make ECF filings in the instant action now that he is proceeding *pro se.* Although the matter is now closed, Strahan may still file a notice of appeal. Accordingly, the Petition [Doc. No. 633] is ALLOWED, and Strahan is granted leave to file electronically in this matter.

## V. Conclusion

For the foregoing reasons,

1. Strahan's Petition to Recuse [Doc. No. 634] is DENIED;
2. Strahan's Petition to Vacate [Doc. No. 635] is DENIED;
3. Strahan's Petition for Leave to File [Doc. No. 636] is DENIED;
4. Strahan's Petition to Restore [Doc. No. 633] is ALLOWED, and Strahan is

granted leave to file electronically in this matter.

IT IS SO ORDERED.

March 9, 2022

/s/ Indira Talwani
United States District Judge