UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD MAX STRAHAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-10639-IT |
| SECRETARY, MASSACHUSETTS EXECUTIVE OFFICE OF ENERGY AND ENVIRONMENTAL AFFAIRS, *et al.*, | * | |
| Defendants, | * | |
| and | * | |
| MASSACHUSETTS LOBSTERMEN'S SURVIVAL FUND, | * | |
| Intervenor-Defendant. | * | |

ORDER

April 12, 2022

TALWANI, D.J.

Pending before the court is Plaintiff Richard Strahan's Emergency Motion for Injunctive Relief [Doc. No. 651] in this closed case. See Order of Dismissal [Doc. No. 615]; Order Denying Motion for Reconsideration [Doc. No. 632]. Strahan seeks an emergency injunction enjoining the Massachusetts Division of Marine Fisheries from licensing any lobster pot or gillnet fishing activity that uses vertical buoy ropes during the pendency of his appeal. As grounds, Strahan declares that his Article III standing is and has been "an incontrovertible fact" since 1997 and that he will therefore "easily prevail" on his appeal.

Standing, however, is assessed under different standards at different points in a civil proceeding. On a motion to dismiss, a court must accept the facts alleged in the complaint as true

and afford the plaintiff the benefit of every favorable inference. See Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). On a motion for summary judgment, the question is whether, considering the record evidence in the light most favorable to the non-moving party, there remains a triable issue of fact. See Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Only at trial does factfinding occur, at which point the factfinder must make credibility determinations, weigh the evidence, and draw inferences from the facts. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In a bench trial, such credibility judgments are the judge's prerogative." Smith v. F.W. Morse & Co., 76 F.3d 413, 423 (1st Cir. 1996).

Strahan contends that because courts have previously concluded that he had standing when ruling on motions to dismiss and motions for summary judgment, he must necessarily have prevailed at trial. But those decisions were issued at earlier stages of litigation and not following trial. As previously explained, the court found Strahan's testimony at the trial in this matter not credible on the issue of standing. See Findings of Fact and Conclusions of Law on Standing [Doc. No. 612]. That Strahan has now booked a whale-watching tour is of no moment here; although it may help him establish standing in *future* cases, it cannot cure his failure to prove standing in *this* case.

Strahan's Emergency Motion for Injunctive Relief [Doc. No. 651] is therefore DENIED.

IT IS SO ORDERED.

April 12, 2022

/s/ Indira Talwani
United States District Judge